16889

THOMPSON v. BREWER
(82 S. E. (2d) 685)

*Messrs. Connor & Connor,* of Kingstree, *for Appellant,*

*Messrs. J. D. O'Bryan,* of Kingstree, and *J. P. Askins, Jr.,* of Hemingway, *for Respondent,*

462

July 7, 1954.

STUKES, Justice.

Appellant drove his passenger automobile into and under the rear end of respondent's truck and was seriously injured, receiving several fractures which necessitated extended hospitalization and left him permanently partially disabled. The action was for damages for appellant's personal injuries and for damage to his automobile. At the conclusion of the evidence respondent moved for direction of the verdict, as follows: "If Your Honor pleases, we would like to move for a directed verdict on the ground that the only reasonable inference which can be drawn from all of the testimony in the case is that the injuries and damage sustained by the plaintiff were proximately caused by his own negligence or gross negligence in the operation of his automobile, without which the accident would not have occurred." The ruling of the court was: "Gentlemen, I have really considered it very closely, and it is a close case, but in view of the fact we do have the *non obstante* rule I think it serves the interests of both parties in the case to let the case go to the jury."

The jury returned verdict for plaintiff who is now appellant, whereupon the defendant, now respondent, moved for

judgment notwithstanding the verdict. The motion was taken under advisement for some time and the order granting judgment for respondent indicates that the court had before it partial transcript of the testimony taken at the trial. It contains the following: "The sole question for decision is whether a verdict should have been directed for the defendant upon the ground that the only reasonable inference from the testimony was that plaintiff's own negligence and recklessness contributed to his injuries as a proximate cause thereof. Actually the ground of the motion as stated was that plaintiff's negligent, willful, wanton and reckless conduct was the sole proximate cause. However, since counsel for both parties have treated the motion as raising the question of contributory negligence, it is unnecessary to pursue the technical inquiry as to whether it in fact did so."

Appellant's first position is that the motion for directed verdict was not upon the ground of contributory negligence, and that issue thereby went out of the case. *Morrow v. Evans,* 223 S. C. 288, 75 S. E. (2d) 598. However, we think that the motion, which we have quoted above from the record, was sufficient to state the ground of contributory negligence, although that term was not used in it; neither was the sole negligence of the plaintiff, which was not expressly pleaded in the answer as was contributory negligence, referred to in the motion.

Appellant excepted to the finding that he and respondent, quoting again, "treated the motion as raising the question of contributory negligence," but does not challenge the truth of it. Indeed, his counsel, with commendable frankness, in oral argument admitted it. He argues in the brief that the fact does not appear in the record; but it does—in the order, which has been quoted.

Apart from the foregoing consideration and as already indicated, we think the motion did include the issue of contributory negligence and willfullness, which had been fully pleaded in the answer. Originally the plea specified only, quoting, "high, dangerous and unlawful" speed; but the

answer was amended during trial to include the additional specification of, quoting again from the record, "following another vehicle more closely than reasonable and prudent." In the case of *Mize v. Blue Ridge Ry. Co.*, 219 S. C. 119, 64 S. E. (2d) 253, 257, cited by appellant, the following stated motion to direct the verdict was held to have raised the issue of contributory negligence, but not with reference to excessive speed which had not been alleged in the answer, as it was here : " 'That the only reasonable inference of which the evidence is susceptible is that the plaintiff's intestates had the collision attempting to go over and went upon the crossing without stopping, looking, or listening before doing so, without exercising the slightest degree of care for their safety, and that such conduct on the part of the plaintiff's intestate was the direct and proximate cause of the injuries, and constituted not only negligence, simple negligence, but gross negligence, which would bar any recovery as a matter of law.' "

The burden of the appeal is the contention that the evidence did not warrant the conclusion of the court that appellant was guilty of contributory negligence, willfullness and wantonness as a matter of law, and that the issues thereabout were properly submitted to the jury, whose verdict is conclusive.

Appellant relied upon allegation and evidence, by contended inference, that respondent's truck was stopped suddenly on the highway in violation of section 46-406 of the Code of 1952, which requires appropriate signal of a stop or sudden decrease of speed of a vehicle; and section 46-481, which relates to parking and prohibits such upon a paved or main traveled part of a highway when it is practicable to stop or park the vehicle off that part of the highway. Appellant testified, which was strongly contradicted, to the effect that the operator of respondent's truck violated these statutes, from which the jury may have found willfullness and recklessness, to which appellant's simple contributory negligence would not have been a defense to liability. *Dawson*

*v. South Carolina Power Co.,* 220 S. C. 26, 66 S. E. (2d) 322.

Appellant was traveling alone and his case, considered most favorably to him, naturally depends upon his testimony, which will be briefly stated. He was an industrial insurance agent and about his business en route from Hemingway to Andrews, on a long stretch of straight pavement with which, it may be inferred, he was quite familiar because it was in his regular territory. It was around nine o'clock in the morning of a clear day and there was very little traffic. About half a mile before overtaking it, he observed respondent's truck which was loaded with a heavy machine, a crane (the boom of which was fastened to the front bumper of the truck), and it obscured appellant's view of the road beyond. He was driving at a speed, he said, approximately between fifty and sixty miles an hour. He pulled to the left to pass the truck, about 150 feet ahead, which he first testified appeared to be moving slowly in the same direction; he saw an automobile approaching from the opposite direction, realized that the truck had stopped, then pulled back in his lane of travel and applied his brakes when he was about 100 feet from the truck. The automobile then skidded into and well under the rear of the truck's high body. Other witnesses testified that they measured the skid marks made by the tires of appellant's car and they extended 80 feet. Appellant was positive, he said, that the truck was stopped on the pavement, in its and his lane of travel, when the collision occurred. Later in his direct examination and on cross-examination he contradicted his foregoing testimony and said that he saw that the truck had stopped when he "pulled out" to go around it, which was a distance of 150 feet. He blamed his failure to stop before the collision to new surfacing on the road and said that he thought he would have stopped at any other place.

The cowl and dash of the automobile were driven back by the steel body of the truck and a wrecker was required to separate the vehicles before appellant could be extricated

from the wreckage and taken to a hospital. His practically new automobile was so nearly demolished that he sold the salvage for $350.00. One of his witnesses who soon came upon the scene said that, quoting from his testimony, "the car was rammed up under the truck."

We cannot improve upon the critical analysis of the evidence which is contained in the order under appeal and it is therefore reproduced in part, as follows:

"Even in hindsight, plaintiff does not find fault with his driving. He attributes his failure to stop in safety to the condition of the roadway and says naively, 'the brakes held but the wheels skidded.' When the brakes 'held' there was nothing else that the wheels (or tires) could do. If in defiance of physical laws, plaintiff had succeeded in bringing his car to an immediate halt at the point where the brakes were applied the result to him would have been even more disastrous than the collision itself.

"It is a matter of common knowledge that traction varies greatly with the type and condition of road surface. The photographs in evidence indicate that this was ordinary 'black top' in common use by the highway department and show clearly that the lane in which plaintiff was traveling at the point in question had been more recently treated than the other lane. Plaintiff is bound to have been familiar with the road since it was on his route as an insurance salesman and collector and the condition was readily observable by him as he approached the obstruction in the highway. Furthermore, the fact that the skid of plaintiff's automobile was straight for the distance of eighty feet indicates a good road surface.

"Inference to the contrary can be drawn only from plaintiff's 'belief' that he could have stopped in safety at some other point or from the testimony of a former highway patrolman who was a defense witness. The latter testified, from his recollection of charts in use when he was a patrolman, that one driving a Plymouth automobile at fifty-five to

sixty miles per hour should be able to stop within sixty to sixty-five feet 'with all four wheels dragging.'

"The inherent weakness of this testimony, which was illadvisedly offered by defendant in an effort to show that plaintiff's speed was in excess of sixty miles per hour, is apparent. But assume it to have been established that there was less traction here than on ordinary 'black top', this cannot soundly be held to relieve plaintiff of the consequences of his own contributory recklessness. It is not necessary that one knowingly subject himself to the certainty of injury in order to bar recovery. It is sufficient if he knowingly subjects himself to the risk of it.

"An emergency stop on a public highway from a speed of fifty miles per hour, 'with all four wheels dragging' endangers not only the one making the stop but other travelers who may be using the highway in the exercise of due care. In my judgment, one who unnecessarily and knowingly places himself in a position in which lawful use of the highway by another will compel him to make such a stop is, under circumstances appearing here, guilty of recklessness as a matter of law. Plaintiff did exactly this when he drove so closely to the truck without slackening his speed and without having ascertained that the left lane was clear."

We add that it is common knowledge that a driver cannot bring his automobile to a stop from a speed of 55 to 60 miles per hour within a distance of 65 feet.

We are constrained to agree with the conclusion of the trial judge that the evidence, which we have recounted only in part, established that appellant was guilty of recklessness as a matter of law. His proximity to the slowly moving, or stopped as he said, vehicle ahead, which he had admittedly seen for a half-mile, and continuance at a speed so great that he could not stop in time to avoid the destructive collision evidence reckless disregard of his safety which bars his recovery, even if respondent's truck was stopped in violation of statute.

The only reasonable inference is that appellant's conduct, which at least contributed to his injury as a proximate cause, was in violation of Section 46-361 of the Code, which follows: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care"; and Section 46-393: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Reference might be had to other applicable sections of the code which were willfully disregarded, but it is unnecessary; the case is too plain. There could hardly be surer proof of appellant's recklessness than the nature and results of the collision.

The case is similar in many respects to *Phillips v. Davis,* S. C., 82 S. E. (2d) 515, and must be similarly decided.

Judgment affirmed.

TAYLOR, OXNER and LEGGE, JJ., and HENDERSON, Acting Associate Justice, concur.