18389

Rachel J. EDWARDS, Respondent, v. Charles E. BLOOM and Joe Champey, of whom Joe Champey is Appellant

(148 S. E. (2d) 614)

*Messrs. Rogers & McDonald,* of Columbia, *for Appellant,*

*Messrs. Hutto & Hutto,* of Columbia, *for Respondent,*

August 10, 1965.

Moss, Justice.

Rachel J. Edwards, the respondent herein, instituted this action seeking to recover damages for personal injuries received by her when the car she was driving struck a parked automobile owned by Joe Champey, the appellant herein, and parked on Beltline Boulevard, in the City of Columbia, by his agent or servant, Charles E. Bloom.

The respondent, in her complaint, alleges that on October 7, 1963, at about 7:00 o'clock A. M., she was driving her automobile in an easterly direction, over and along Beltline Boulevard, and in the right-hand lane thereof. She alleges that an automobile owned by Joe Champey had been parked by Charles E. Bloom, his agent, in the right-hand lane of said Beltline Boulevard and had been so parked in violation of the traffic ordinances of the City of Columbia. It is further alleged that Beltline Boulevard is inclined upward in an easterly direction and that at the time aforesaid the sun was at the crest of the incline and had a partially blinding effect on the respondent as she proceeded up the incline in the right-hand lane of said highway. She further alleges that due to her partial blindness, because of the sun, her automobile struck the left rear of the appellant's automobile which was parked as aforesaid. It is asserted that the respondent's personal injury was solely and proximately caused by the negligent and willful acts of the appellant in parking his automobile in violation of the traffic ordinances of the City of Columbia.

The appellant, by his answer, sets forth (a) a general denial, (b) that the injury to the respondent was due to and caused by her sole negligence and willfulness, and (c) the injury suffered by the respondent was due to and caused by her contributory negligence and willfulness.

This case came on for trial before the Honorable Legare Bates, Judge of the Richland County Court, and a jury, at the 1964 September term thereof. At the close of the case for the respondent, a motion for a nonsuit as to Charles E. Bloom was granted but a motion as to the appellant was refused. At the close of all the testimony, the Trial Judge eliminated the issue of willfulness and refused the motion of the appellant for a directed verdict made on the ground that the negligence of the respondent, in the operation of her automobile, contributed as a direct and proximate cause to her injury. The Trial Judge submitted to the jury the question of whether the appellant was guilty of negligence in the parking of his automobile. He also submitted to the jury the question of whether the respondent was guilty of contributory negligence in the operation of her automobile. The jury returned a verdict for actual damages in favor of the respondent.

After the rendition of the verdict the appellant moved for judgment *non obstante veredicto* and, in the alternative, for a new trial upon the same grounds as above stated. The motion was refused and this appeal followed.

The appellant asserts that the only reasonable inference from all of the evidence is that the respondent was guilty of contributory negligence as a matter of law so as to bar her recovery against the appellant. It is the position of the appellant that the Trial Judge was in error in not so holding. In determining whether the respondent was guilty of contributory negligence, we will assume, as we must, that the issue of negligence on the part of the appellant was properly for the jury and that the evidence warranted their finding him guilty of such. The determination of the question of contributory negligence is controlled by the facts and circumstances of the particular case and the court will not decide it as one of law if the testimony is conflicting or if the inferences to be drawn therefrom are doubtful. It is well settled that the injured person's negligence, in order to bar a recovery, must have contributed as

a proximate cause to the injury. If the only reasonable inference to be drawn from all the evidence is that the negligence of the complainant is a direct and proximate cause of her injury or that such negligence contributed as a direct and proximate cause, then it would be the duty of the Trial Judge to direct a verdict against the complainant. *West v. Sowell*, 237 S. C. 641, 118 S. E. (2d) 692. The issue of willfulness on the part of the appellant having been eliminated in this case, proof of simple contributory negligence was all that was required to defeat respondent's recovery.

The record shows that Two Notch Road is United States Highway No. 1 and runs generally in a north-south direction. Beltline Boulevard runs generally in an east-west direction and crosses Two Notch Road. The collision with which we are here concerned occurred about 7 :00 o'clock A. M. at a point on Beltline Boulevard about 150 feet, more or less, east of the intersection thereof with Two North Road. Beltline Boulevard on either side of the intersection with Two Notch Road slopes uphill in an easterly direction. At the time of the collision, the respondent was driving her automobile in an easterly direction on Beltline Boulevard on her way to work, this being a route she normally traveled, and with which she was familiar. Rather than attempting to summarize the testimony of the respondent, we quote her testimony from the record, as follows:

"Q. Where were you on the morning of October 7th of last year at about seven o'clock in the morning? Just tell these gentlemen what happened. Where were you driving?

"A. I was coming up Beltline. I was approaching the stop light.

"Q. Whereabouts? What stop light?

"A. At the intersection of Beltline and Two Notch Road, and the sun was real bright that morning, as always. I did go by there every morning on my way to work, and usually I would try to get in the middle lane, but unfortunately that morning, I couldn't get in the middle lane.

"Q. Where was the sun then?

"A. The sun was right in front of me. Going up the hill it was blinding me so that I couldn't see but just about a car length in front of me, I suppose, and I stopped at the stoplight which I had seen, and the distance in front of me before I got in the intersection, I knew it was red, and when I got to the intersection I couldn't see the stoplight. I couldn't even look at the stoplight.

"Q. So you stopped there?

"A. Yes.

"Q. Waiting on the light?

"A. Yes. So there was a truck beside me. On Two Notch Road the cars had stopped and the truck started off and naturally I presumed that the light had turned green so I started my car and I guess I was going about 20 or 25 miles an hour, maybe not that fast. I think I was in second gear when I stopped, or when I hit the car. And I didn't see the car because I couldn't. I couldn't look straight up the hill because the sun was blinding me and I could just look a little distance in front of me.

"Q. I believe you stated that you were in the habit of going along that street there?

"A. Yes, sir, every day.

"Q. About the same time?

"A. Yes, sir.

"Q. State whether or not, just tell us whether conditions were similar to this before?

"A. Yes, they were."

The record shows that Beltline Boulevard has two lanes for eastbound traffic and the respondent was proceeding in the lane nearest the curb. The automobile of the appellant was parked in this lane next to the curb.

The general rule is that a motorist whose vision is obscured by unfavorable atmospheric or weather conditions must exercise care commensurate or consistent with the conditions of travel. Likewise, a motorist should exercise reasonable care in keeping a lookout commensur-

ate with the increased danger occasioned by conditions obcuring his view. In 8 Am. Jur. (2d), Automobiles and Highway Traffic, Sec. 728, at page 281, it is said:

"Although it has been indicated that different considerations may govern the situation where a motorist is blinded by the approaching lights of other vehicles and that where the blinding is caused by sunlight or other stationary lights, the courts passing upon the problem have generally held that the same rules applicable to a driver blinded by the lights on another vehicle apply in a case in which a driver is blinded by lights of other kinds or sunlight. In a number of cases evidence that a motorist blinded by the sun proceeded ahead, causing injury to himself or to another, in or near the road, has been deemed to show as a matter of law, or to justify or require a finding of, negligence or contributory negligence. Similarly, in a number of other cases, evidence that a motorist blinded by the lights of a locomotive or streetcar, or street lamps or floodlights, proceeded ahead, causing injury to himself or another, has been held to justify a finding of negligence or contributory negligence."

The case of *Epps v. South Carolina State Highway Department*, 209 S. C. 125, 39 S. E. (2d) 198, is one in which plaintiff sued the department for personal injuries sustained when his automobile went over an embankment on a very foggy night at a speed of approximately twenty-five miles per hour. In holding that the proximate cause of the accident was the sole negligence of the driver, this Court stated:

"* *. * If the lights from the car would not penetrate the fog, smoke and mist for more than fifteen or twenty feet, we do not know of any reflector or other sign that would have given notice of the ravine at least nineteen feet beyond the northern curb of Highway Number 531, and which would have prevented the accident. The visibility being only fifteen to twenty feet, it was negligence as a matter of law, in the light of the other facts and circum-

stances of this case, for the car to be operated at a speed greater than that in which it could be stopped within such distance."

In the case of *Jones v. Southern Railway Co.*, 238 S. C. 27, 118 S. E. (2d) 880, it appears that the plaintiff, driving a tractor-trailer collided with defendant's moving freight train at a crossing. We held that the plaintiff was guilty of contributory negligence as a matter of law in driving his tractor-trailer in a fog so dense as to limit his vision to fifty feet at a speed of thirty to forty miles per hour.

In the case of *Brown v. Atlantic Coast Line Railroad Company*, 238 S. C. 191, 119 S. E. (2d) 729, it appears that an action for damages was brought by a motorist when his automobile collided with a flatcar at a railroad crossing. This Court said:

"We cannot escape the conclusion that under plaintiff's own testimony he was guilty of contributory negligence and recklessness. He says he did not see this flatcar until he was within a few feet of it. No reason is given for his failure to see it earlier except his statement that the night was foggy and that the dark color of the flatcar blended with the black asphalt street. If, as he apparently claims, conditions were such that he could not see a dark object until within a few feet of it, he was grossly negligent in driving at a speed of 30 miles an hour.  *  *  *"

The act of a motorist blinded by sunlight in continuing ahead so that he collided with an obstruction which he failed to see has been held, in several cases, to constitute contributory negligence as a matter of law. 22 A. L. R. (2d) 410.

A motorist approaching an intersection while his vision was interfered with by the light of the sun, who did not slacken his speed of thirty miles per hour although he could see nothing ahead of him, was held in *Havens v. Loebel*, 103 Cal. App. 209, 284 P. 676, to be, as a matter of law, chargeable with contributory negligence barring

his recovery, the court holding that the fact that he was proceeding on an arterial highway did not excuse his failure to slacken his speed and take precaution to avoid a collision with anything occupying the road ahead of him.

A motorist who, when driving upon a railroad crossing, was unable to look for approaching trains because of the glare of the sun in his eyes was held in *Missouri Pacific R. Co. v. Binkley,* 208 Ark. 933, 188 S. W. (2d) 291, to be chargeable with contributory negligence barring his recovery, the court saying that it was his duty before entering a known place of danger to place himself in such a position that he could see.

The case of *Brown v. Atlanta Gas Light Co.,* 96 Ga. App. 771, 101 S. E. (2d) 603, was an action for the death of a truck driver who was killed when his truck struck a pile of dirt on street and turned over into an excavation which the defendant had opened for the purpose of installing or repairing its gas line. The court, in sustaining the demurrer to the complaint, held where truck driver after being blinded and his vision of way ahead obscured by sun shining in his eyes continued to drive at rate of twenty-five miles per hour a distance of three hundred feet until his truck struck loose dirt which caused truck to skid and be precipitated one hundred feet against pile of dirt from excavation made by defendant, failure of truck driver to exercise ordinary care to avoid consequence of defendant's negligence, after such negligence could have been discovered by the exercise of such care, precludes recovery.

Here, the respondent was driving her automobile over and along Beltline Boulevard, a street with which she was thoroughly familiar, and under the conditions existing that morning which were similar to those which she had previously experienced. She testified that she was proceeding up the hill on said street with the sun directly in front of her and such "was blinding me so that I couldn't see but just about a car length in front of me"

at a speed of "about 20 to 25 miles an hour, maybe not that fast." She says that she didn't see the car she struck "because I couldn't" for the reason that the sun was so blinding that she could see only a little distance in front of her. It thus appears that the respondent was not momentarily blinded by the sun nor was she confronted with a sudden condition which could not have been foreseen.

The evidence here discloses a failure on the part of the respondent to exercise reasonable care for her own safety. The conclusion is inescapable that her negligence concurred with the negligence of the appellant in proximately producing her injury. This defeats her recovery. It follows that the Trial Judge erred in refusing the motion of the appellant for a directed verdict.

In view of the foregoing conclusion it becomes unnecessary to consider the question of whether the Trial Judge committed error in his charge to the jury.

The judgment of the lower Court is reversed and the case remanded thereto for entry of judgment in favor of the appellant.

Reversed.

TAYLOR, C. J., and LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., concurs in result.