Ellen W. WASHINGTON and Brenetta
Washington, by her next friend,
Wade M. Smith, Plaintiffs,

v.

Carl P. PIERCE, Ralph H. Hackney, and
J. A. Hackney & Sons, Inc.,
Defendants.

Civ. A. No. 656.

United States District Court
E. D. North Carolina,
Washington Division.

Aug. 27, 1969.

John V. Hunter, III, Raleigh, N. C.,
for plaintiffs.

James, Speight, Watson & Brewer,
Greenville, N. C., for Carl P. Pierce.

G. Earl Weaver, Raleigh, N. C., for
Ralph H. Hackney and J. A. Hackney &
Sons, Inc.

OPINION AND ORDER

RICHARD B. KELLAM, District
Judge.*

Ralph H. Hackney and J. A. Hackney
& Sons, Inc., move the Court for summary judgment, asserting there is no genuine issue as to any material fact.

Plaintiffs seek damages for injuries
sustained in an automobile accident
which occurred October 25, 1965, about
6:50 o'clock p. m. in Pitt County, North
Carolina, on State Highway No. 30. At
the point of accident the highway is an
asphalt surfaced, 24 foot, two-lane highway (the lanes separated by a marked
line), running approximately east and
west. The weather was clear, the pavement dry, the surface level, and the collision occurred after dark. Ellen W.
Washington was the owner and operator

* Under designation.

of a 1962 Dodge automobile, which was proceeding easterly. Brenetta Washington was a passenger in that car, seated in the rear seat. Ralph Hodges Hackney was operating a 1964 Chevrolet automobile owned by J. A. Hackney & Sons, Inc., proceeding in a westerly direction. All of the above facts are stipulated.

A transcript of the discovery deposition of Ralph H. Hackney as taken by plaintiff is filed with the motion. Neither plaintiffs nor the co-defendant filed or offered any evidence by way of testimony, deposition, affidavit, or exhibits, or filed any briefs in opposition to the motion.

In the final pre-trial order filed February 4, 1969, plaintiffs set forth their contentions as to their right to recover of defendants Hackney and Hackney & Sons, Inc. There plaintiffs asserted Ralph Hackney was guilty of negligence which was a proximate cause of the accident "in that he negligently drove a motor vehicle against a mule or mules on the highway, killing at least one of them, and left the scene without removing the mule or mules or taking any steps to warn other motorists of the presence of the mules on the highway." [1]

The discovery deposition of Ralph Hodges Hackney establishes that at the time of the accident Hackney was proceeding in a westerly direction from Washington, North Carolina, to Greenville, North Carolina, to visit friends. Immediately before the accident he was driving in his right hand lane [north lane] at a speed of approximately 50 m. p. h. with his headlights burning on low beam.[2] Some three or four car lengths ahead he observed a mule at the edge of the highway. He immediately applied his brakes; he then saw two mules running across the road from his right to his left; he said they appeared on the highway out of a woods; they "galloped on the road out of nowhere." The right front of his car came in contact with the rear part of one mule, and the left of his car struck the front [head] of the second mule. He said "they just flashed out in front of me while I was coming to a stop." After the striking, his car went "just a few more feet,"—15 to 20 feet. After the collision, one mule was on the right hand [north side] of the highway, at its edge, and the other in the middle of the road. About the time he struck the mules, he heard a crash behind him; he described it thusly, "as soon as I contacted the mules I guess not even an hundredth of a second after that I heard a crash behind me and that was I guess the Ellen Washington * * * and this man in a truck." The collision between the Washington car and the truck of Alton Bryan Kittrell [3] occurred about 200 to 300 feet to the rear of the Hackney car. The Washington vehicle had been proceeding easterly and Kittrell was proceeding westerly. When these cars came to rest, after the collision, the Washington car was in the ditch, facing westerly, and the Kittrell vehicle was on the highway facing easterly, each of them facing opposite directions from which they had been travelling. The vehicles of Washington and Kittrell, after their collision and when they came to rest, were 100 feet east of the mules which Hackney had struck.

Hackney said his car continued in a straight line from the time of striking until it stopped, and that at all times he was in his right hand lane. He said the other car contacted mules at the same time he did .

---

1. Plaintiffs also sued defendant Pierce, asserting the mules which their car collided with were in custody of Pierce; that the mules escaped from his farm; that they had escaped previously; that the fences on the farm were not adequate; and that Pierce violated the stock laws of North Carolina.

2. Hackney was meeting vehicles and therefore had lights on low beam.

3. Kittrell is not a party to this suit.

The Washington and Kittrell vehicles were not at anytime in contact with the Hackney vehicle.

■ The basis of plaintiffs' claim is negligence, and negligence is not presumed and cannot be inferred from the mere happening of an accident. North River Insurance Co. v. Davis, 274 F. Supp. 146 (W.D.Va. 1967), affirmed 392 F.2d 571 (4th Cir. 1968); Sowers v. Marley, 235 N.C. 607, 70 S.E.2d 670; Mitchell v. Melts, 220 N.C. 793, 18 S.E. 2d 406. In an action based on negligence the burden rests on plaintiffs to produce evidence, either direct or circumstantial, sufficient to establish that defendant was guilty of negligence and that such caused or contributed to the accident. Sowers v. Marley, supra. It cannot rest on conjecture or surmise, nor can an inference of negligence rest on conjecture or surmise. Sowers v. Marley, supra; Smith v. Duke University, 219 N.C. 628, 14 S.E.2d 643. There must be legal evidence of every material fact necessary to support a recovery; and recovery must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, and not guess or speculation. Mitchell v. Melts, supra.

Applying the above rules to the uncontradicted evidence, it falls far short of showing Hackney was guilty of any negligence which was a proximate cause of the accident.

■ Here plaintiff has presented no evidence to indicate the facts are in dispute. In any case where the "moving party clearly establishes that there is no genuine issue of material fact, summary judgment may be rendered." Berry v. Atlantic Coast Line R.R. Co., 273 F.2d 572 (4th Cir. 1960).

It is ordered that the motion of Ralph H. Hackney and J. A. Hackney & Sons, Inc., for summary judgment be, and the same is hereby, granted, and they are accordingly dismissed as parties defendant.

Copies of this opinion and order are being forwarded to counsel.