Charles COLLINS, Plaintiff,

v.

Herbert E. CRAVEN, Jr., Defendant.

Civ. A. No. 69–1108.

United States District Court,
D. South Carolina,
Charleston Division.

March 30, 1971.

Donald H. Fraser and Peden McLeod, Jefferies, McLeod, Unger & Frazer, Walterboro, S. C., for plaintiff.

Elliott T. Halio, Bernstein, Halio & Manos, Samuel C. Craven and W. H. Brockinton, Charleston, S. C., for defendant.

## OPINION and ORDER

RUSSELL, District Judge.

This action in negligence was tried before me with a jury at Charleston. At the conclusion of the testimony, the defendant moved for a direction of verdict on the grounds (1) that there was no evidence of negligence on the part of the defendant and (2) that, if there was any such evidence, the plaintiff was barred from recovery as a matter of law by his own contributory negligence and recklessness. The motion was overruled and the cause submitted to the jury with a reservation of the defendant's right to renew the motion after verdict in accordance with Rule 50, Federal Rules of Civil Procedure (28 U.S.C.). The jury failed to agree and a mistrial was declared. The defendant has now renewed his motion. I grant it.

The action arises out of a collision between a large truck driven by the plaintiff and owned by Cato Moving & Storage Company and a panel truck, owned by the defendant's father and being driven by the defendant. The plaintiff is a resident of Georgia and the defendant of South Carolina; plaintiff seeks damage in the amount of $100,000.00. Jurisdiction exists under Section 1332, 28 U.S.C.

The accident giving rise to this suit occurred on U. S. Highway Number 15, a few miles north of St. George, between the crossing of such Highway over Interstate 26 and St. George, at about 6:15 on the morning of July 27, 1968. U. S. Highway Number 15 at this point is two-laned. The defendant was traveling south in the right lane of the highway towards St. George, where he expected to pick up some parts for a tractor. The plaintiff, transporting a truckload of furniture from Warrenton, Virginia, to Pensacola, Florida, was proceeding in the same direction and in the same lane of traffic, some distance behind the truck of the defendant. The plaintiff was not familiar with the highway.

The speed of the two vehicles at the time of the accident was variously estimated. The plaintiff and a person accompanying him testified that, while they did not see defendant's truck until they hit, they judged in that fleeting moment it was stopped *or moving slowly*. The defendant and his brother who was traveling with him testified unequivocally, on the other hand, that the panel truck was moving at a speed of about 40 miles per hour. The plaintiff at the trial fixed his own speed at the time of the collision at 45 miles per hour. However, the highway patrolman, who interviewed the parties after the accident, quoted the plaintiff as having said he was traveling about 60 miles per hour and as having admitted fault. In his answer to interrogatories propounded to him by the defendant, the plaintiff likewise gave his speed as 60 miles per hour immediately before the accident, which incidentally

was the posted maximum legal speed on said Highway.

The defendant and his passenger, as well as the highway patrolman on duty, testified that it was clear and no fog was visible on the road. The plaintiff, on the other hand, stated that for a number of miles before he reached the place of the accident, he had encountered recurring patches of fog of varying intensity. Just before the accident, he testified he encountered extremely dense fog, which made it practically impossible for him to see more than 15 to 20 feet ahead and that, while enveloped in this heavy fog, he suddenly saw before him the truck of the defendant and, without time either to stop or to swerve, he crashed into the rear of the panel truck.

The time of the accident was shortly after 6 o'clock in the morning. Whether it was light enough to require the use of lights on the trucks was in dispute. The highway patrolman, as well as the defendant, testified it was light; the plaintiff, while not absolutely clear, indicated in his testimony that it was slightly before dawn. Irrespective of which version is accurate, the defendant testified unqualifiedly that he had his lights burning on his panel truck. In this he was corroborated by his brother. And, when the highway patrolman arrived at the scene, he found the lights of the panel truck on. The testimony of the plaintiff, on the other hand, was that he did not see any lights on the panel truck, though, on cross-examination, he conceded he could not testify categorically that there were no lights burning on the truck, only that he saw a "blur" in front of him.

The plaintiff had had an exhaustive drive prior to the accident. He had left Alexandria, Virginia, at about 8:30 o'clock on the morning of July 26, stopping first at Warrenton, Virginia, to take on his cargo, and was proceeding to Pensacola, Florida. He made two short stops either to take on additional fuel or for food before the accident but had not stopped for sleep. He had been working or driving for practically 22 hours continuously prior to the accident. He was not familiar with the highway along which he was traveling.

As a result of the accident, both trucks were damaged considerably and the plaintiff received serious injuries. The point of impact was in the rear of the panel truck.

 It is settled in this Circuit that, on motion for a directed verdict, the evidence in a diversity case is determined by federal, not state, rule. Wratchford v. S. J. Groves & Sons Company (4th Cir. 1969) 405 F.2d 1061, 1065. Under the federal rule, the "scintilla" doctrine does not prevail; and while every fact in evidence and every inference reasonably inferable therefrom, in support of plaintiff's theory of the case, must be assumed to be true on a motion for a directed verdict; there must be some substantial basis in the evidence for a verdict to justify a denial of the motion. Mann v. Bowman Transportation, Inc. (4th Cir. 1962) 300 F.2d 505, 509–510.[1] Conjecture or guess will not qualify as probative fact in the consideration of such motion. Abbott v. Railway Express Agency (4th Cir. 1940) 108 F.2d 671, 673. To quote the apt expression of the Court in Mann v. Bowman Transportation, Inc., *supra* (300 F. 2d p. 509), juries "cannot be permitted to speculate in a void of evidence". Evidence, whether direct or circumstantial, that gives rise to no definite inference and which justifies equally different or contradictory conclusions, without any basis of reasonable probability, is no

1. See Small Co. v. Lamborn & Co. (1925) 267 U.S. 248, 254, 45 S.Ct. 300, 303, 69 L.Ed. 597:
 "The view that a scintilla or modicum of conflicting evidence, irrespective of the character and measure of that to which it is opposed, necessarily requires a submission to the jury has met with express disapproval in this jurisdiction, as in many others."

proof at all. Gunning v. Cooley (1930) 281 U.S. 90, 94–95, 50 S.Ct. 231, 74 L.Ed. 720; McCready v. United Iron & Steel Company (10th Cir. 1959) 272 F.2d 700, 702; Capital Transit Co. v. Gamble (1947) 82 U.S.App.D.C. 57, 160 F.2d 283, 284; Washington v. Pierce (D.C. N.C.1969) 307 F.Supp. 1157, 1159. Accordingly, where there is mere possibility of negligence and where the probabilities of negligence or no negligence under the evidence are at best evenly balanced, there is no warrant for submission of the cause to a jury and direction of verdict is proper in such instances. Haldeman v. Bell Telephone Company of Pennsylvania (3d Cir. 1967) 387 F.2d 557, 559; Armstrong v. Commerce Tankers Corp. (D.C.N.Y.1969) 311 F. Supp. 1236, 1241, cert. den. As put in Wachovia Bank & Trust Company v. United States (4th Cir. 1961) 288 F.2d 750, 757, the correct principle in this connection is that "a directed verdict is proper where the evidence is without dispute or is so conclusive that if a verdict were returned for the party against whom the motion is directed, the exercise of sound judicial discretion would require that it be set aside", to which might be added the comment in State Farm Mutual Automobile Insurance Company v. Borg (8th Cir. 1968) 396 F.2d 740, at p. 742, that this is so, "even though there is some evidence which, if standing alone, would justify a verdict to the contrary." See, to the same effect: Carroll v. Seaboard Air Line Railroad Company (4th Cir. 1967) 371 F.2d 903, 904; Martin K. Eby Construction Co. v. Neely (10th Cir. 1965) 344 F.2d 482, 484, aff. 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75; Feamster v. Southern Railway Company (D.C.N.C.1969) 49 F. R.D. 26, 28–29.

Applying the principles just stated to the facts of this case, it seems obvious that the defendant's motion must be granted. The basis for plaintiff's

charge of negligence is the contention that the defendant stopped his truck in the traveled highway in violation of Sections 46–481, 46–521, 46–539, Code of South Carolina (1962). In short, by plaintiff's theory of action, the defendant's negligence consisted of (1) stopping in the highway and (2) failing to have his lights on at the time of the accident. Unfortunately for the plaintiff, the evidence in support of these contentions is too inconclusive to support a verdict in plaintiff's favor.

The first position (i. e., that defendant's truck was stopped on the highway) rests on the testimony of the plaintiff himself. He was not, however, definite; he had, by his own account, only a fleeting moment within which to observe the panel truck. Based on such observation, he testified that the panel truck was either stopped or moving slowly. His testimony was "either-or"; it was equally susceptible of the inference that the panel truck was stopped or was moving slowly. He supplied nothing that would have made either conclusion more probable. On the authority of such testimony, the jury could only conclude that the panel truck was stopped, rather than moving, by conjecture or guess. Of course, if the panel truck was merely moving "slowly", the defendant would not have been negligent. Assuming that the fog was as dense as plaintiff testified and that a driver's vision was limited to 15 to 20 feet ahead, the defendant would have been negligent to have driven at any other speed than "slowly". Indeed, in Epps and Van Liew v. South Carolina State Hwy. Dept. (1946) 209 S.C. 125, 133, 39 S.E.2d 198, it was held to be negligent to drive during a fog where visibility is no more than 15 to 20 feet (which is what the plaintiff testified was the visibility on this occasion) "at a speed greater than that in which it (the plaintiff's car) could be stopped within such distance" (i. e., 15 to 20 feet).[2] It can-

2. Cf., also, Hammett v. Seastrunk (4th Cir. 1966) 365 F.2d 232, 235, where,

speaking of the conduct of a motorist driving through a fog, the Court said:

not be overlooked, too, that the defendant and his passenger both testified positively that they were moving and were not stopped. In fact, they, as well as the highway patrolman, disputed the existence of any fog and fixed the speed of their truck at about 40 miles an hour down a straight stretch of highway.[3] With this record, a jury could only find, as I have stated, that the panel truck was stopped on the highway by speculating "in a void of evidence". Mann v. Bowman Transportation, Inc., *supra*.

Equally "void of evidence" of any credible character is the plaintiff's second claim of negligence. It is clear from plaintiff's cross-examination that he was likewise uncertain whether defendant had the lights burning on the panel truck. He saw only "a blur". Both the defendant and his passenger testified unequivocally that the panel truck was traveling with its lights on. And this testimony is powerfully substantiated by the testimony of the highway patrolman, who, upon arrival at the scene, found the lights burning on the over-turned panel truck. The defendant and his passenger were dazed, and their truck was overturned. It is inconceivable that, in the short space between the accident and the arrival of the highway patrolman, the defendant could have turned the lights on; such lights must have been on at the time of the accident. There is thus no credible evidence to support a conclusion that the lights on the panel truck were not burning. And, as I indicated at the conclusion of the evidence, if the jury should have on that record returned a verdict for the plaintiff, I would have felt constrained to set it aside. Under those circumstances, a directed verdict was appropriate.

Even were the defendant not entitled to a directed verdict because of plaintiff's failure to establish any actionable negligence, the plaintiff would have been barred from recovery by his own contributory negligence and recklessness. To drive a heavily loaded truck along a two-lane highway with which he was not familiar for some twenty miles through continuously recurring fog of varying intensity at speeds ranging from 45 to 60 miles, by plaintiff's own testimony, was both negligent and reckless. The Court in Brown v. Atlantic Coast Line R. Co. (1961) 238 S.C. 191, 197, 119 S.E. 2d 729, held as a matter of law that operating an automobile "at a speed of 30 miles an hour" under conditions similar to those described by the plaintiff at the time of this accident was "grossly negligent". In Jones v. Southern Rwy. Co. (1961) 238 S.C. 27, 35–37, 118 S.E.2d 880, it was held that a speed of 30 or 40 miles under similar conditions was contributory negligence as a matter of law. In Epps and Van Liew v. South Carolina State Hwy. Dept., *supra*, (209 S.C., p. 133, 39 S.E.2d, p. 202) a driver operating his car at a speed of 25 miles per hour during foggy conditions was guilty of "negligence as a matter of law". In Edwards v. Bloom (1965) 246 S.C. 347, 355, 143 S.E. 2d 614, 619, the plaintiff, who was found guilty of contributory negligence as a matter of law, was traveling at a speed of "about 20 to 25 miles an hour". See, also, Ledford v. R. G. Foster & Co. (1969) 252 S.C. 546, 167 S.E.2d 575. Under these authorities, it is manifest that the conduct of the plaintiff was negligent and reckless.

The authorities cited by the plaintiff on the issue of contributory negligence

---

"There is merit in the argument that it was more reasonable for Miller to attempt to proceed slowly forward than to bring his vehicle to a complete stop on the highway or attempt to pull blindly off the pavement onto the median strip or the shoulder."

3. Of course, if there had been no fog, as the defendant and the highway patrolman testified, a directed verdict was in order. Thompson v. Brewer (1954), 225 S.C. 460, 467, 82 S.E.2d 685; Parker v. Reading Company (3d Cir. 1966) 363 F.2d 608, 610.

and recklessness are inappropriate. Both *Dudley Trucking Co. v. Hollingsworth* (1964) 243 S.C. 439, 444, 134 S.E.2d 399 and *Jeffers v. Hardeman* (1957) 231 S.C. 578, 585, 99 S.E.2d 402, as well as *Hammett v. Seastrunk* (4th Cir. 1966) 365 F.2d 232, involved situations where the defendant had stopped his vehicle in the nighttime in the highway without lights. No such situation, as we have already observed, prevailed in this case.

To sum up, defendant's motion is granted on both grounds and let judgment be entered accordingly.

And it is so ordered.