21249

Gail LUFKIN and Lance Lufkin, Appellants, v.
Davis Lewis KYLE, Jr., Respondent.

(267 S. E. (2d) 533)

*Robert C. Elliott,* Columbia, *for appellants.*

*Heyward E. McDonald,* Columbia, *for respondent.*

June 9, 1980.

LEWIS, Chief Justice:

This action was brought to recover damages sustained by appellants when their automobile was struck from the rear by an automobile driven by respondent. Respondent's contention at trial was that he ran into the rear of appellants' vehicle because he was suddenly blinded by the sun. At the close of the evidence, the appellants moved for a directed verdict on the issue of the respondent's liability. This motion was denied. When the jury returned a verdict in favor of the respondent,

the appellants moved for a judgment n. o. v. It was refused. On appeal, they contend the trial judge erred in refusing their motion for a directed verdict on the issue of liability. We agree and reverse.

On the occasion in question, the vehicles involved in the present matter were among several vehicles proceeding in the same direction along Rockbridge Road in Richland County. Some of the other vehicles were ahead and some to the rear of those operated by appellants and respondent. The visibility of all drivers, who testified, was affected by the brightness of the sun, and they reduced their speed because of that fact. Yet, respondent was the only driver who failed to control his automobile so as to avoid colliding with the preceding vehicle.

The appellant driver, when her visibility was affected by the sun, slowed her automobile and activated her turn signal as she intended to make a right-hand turn. The cars in front of her had also slowed. It was at this point that respondent's vehicle struck appellant's vehicle in the rear.

Respondent says that he did not see appellant's vehicle until he struck it, although he had been following it for "maybe a tenth of a mile" before the collision and was only blinded by the sun "immediately" before the impact. There is a total absence of any reasonable explanation for respondent's failure to see appellant's vehicle which was directly in front of him. If he had seen that which he should have seen in the exercise of due care, it is undisputed that he could have stopped and avoided the collision.

In *Edwards v. Bloom*, 246 S. C. 346, 143 S. E. (2d), 614, we stated:

The general rule is that a motorist whose vision is obscured by unfavorable atmospheric or weather conditions must exercise care commensurate or consistent with the conditions of travel. Likewise, a motorist should exercise reasonable care in keeping a lookout commensurate with the in-

creased danger occasioned by conditions obscuring his view. 246 S. C. at 351, 143 S. E. (2d) at 617.

The record fails to sustain respondent's contenton that he was confronted with a sudden condition which could not have been foreseen. The evidence conclusively shows that respondent failed to exercise care commensurate or consistent with the conditions of travel, and the trial judge erred in refusing appellant's motion for a directed verdict on the issue of liability. We reverse and remand for a new trial on the issue of damages.

Reversed and remanded.

LITTLEJOHN, NESS and GREGORY, JJ., and DAVID W. HARWELL, Acting Associate Justice, concur.