709 S.E.2d 616

**Janet MILLER, Petitioner,**

v.

**FERRELLGAS, L.P., INC., and Kenneth W. Ellis, Respondents.**

No. 26959.

Supreme Court of South Carolina.

Heard Jan. 7, 2011.

Decided April 4, 2011.

Charles E. Carpenter, Jr., Carmen V. Ganjehsani, both of Columbia, and James H. Moss, of Moss, Kuhn & Fleming, of Beaufort, for Petitioner.

E. Mitchell Griffith, of Griffith, Sadler & Sharp, of Beaufort, Stephen L. Brown, Jeffrey J. Wiseman, and Russell G. Hines, all of Charleston, for Respondents.

Justice KITTREDGE.

We granted a writ of certiorari to review the court of appeals' decision in *Miller v. FerrellGas L.P., Inc.*, Op. No.2008–UP–116 (S.C. Ct.App. filed Feb. 13, 2008). We reverse.

## I.

Petitioner Janet Miller brought this negligence action against Respondents FerrellGas and its driver, Kenneth Ellis, arising from a motor vehicle accident. Ellis properly stopped at a stop sign and then attempted a left turn onto the favored highway. Ellis entered the intersection although his view was obstructed by a temporary construction sign, and he could not see if there was oncoming traffic. FerrellGas's vehicle, driven by Ellis, collided with a vehicle in the intersection on the favored highway. Miller, a passenger in the vehicle on the favored highway, was seriously injured in the collision. It is conceded that the vehicle in which Miller was traveling was within the speed limit and free from any negligence.

At the close of Respondents' case, the trial court directed a verdict in favor of Miller, finding Ellis [1] was negligent as a matter of law when he blindly pulled into the intersection. Following a plaintiff's verdict, Respondents appealed, contending that the directed verdict was in error because a question of fact was presented on the issue of negligence. The court of appeals agreed with Respondents and reversed the grant of the directed verdict. We reverse the court of appeals and reinstate the jury verdict in favor of Miller.

## II.

In an appeal from the grant of a directed verdict, we must, like the trial court and court of appeals, view the evidence in a light most favorable to the non-movant, Ellis. *Baggerly v. CSX Transp. Inc.*, 370 S.C. 362, 368, 635 S.E.2d 97, 100 (2006) ("[T]he evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party against whom the verdict was directed." (emphasis omitted)). When viewed in that light, if there is any evidence that may be reasonably construed as creating a question of fact, the motion must be denied and the matter submitted to the jury. *Id.*, 635 S.E.2d at 100–01 ("If the evidence is susceptible to more than one reasonable inference, the case should be submitted to the jury.").

---

1. The case was tried and verdict rendered against driver Ellis and his vicariously liable employer, FerrellGas.

## III.

We view the statutory and common law as clear in this area. South Carolina law speaks to a driver's duty when approaching a stop sign:

> Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line but, if none, before entering the crosswalk on the near side of the intersection or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways.

S.C.Code Ann. § 56–5–2330(b) (2006); *see also* § 56–5–2320 ("The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."); *Warren v. Watkins Motor Lines*, 242 S.C. 331, 340, 130 S.E.2d 896, 901 (1963) ("When a motorist on an unfavored highway approaches a through highway he must bring his car to a stop for such a time and in such a position as to be able to observe the traffic conditions on the favored highway and govern his conduct accordingly.").

It is Respondents' position that evidence of due care on Ellis's part exists "because what otherwise would have been in his plain view was, unbeknownst to him, obscured" by the temporary road sign. (Br. of Respondents 7.) Ellis further presents a series of rhetorical questions—in essence, what is a reasonable driver to do under these circumstances? Miller's response answers the question and accurately states the law: "If a motorist cannot see what may be approaching from the left while [he is] stopped at a stop sign, the one thing a reasonable person does not do is take a chance and pull out to an area of potential danger ... in which [he] cannot see." (Reply Br. of Petitioner 12).

There may be motor vehicle accident cases in which a question of fact is presented when a driver pulls from the unfavored highway to the favored highway. But this is not one of those cases. Where, as here, a driver enters the favored highway, knowing his view is obstructed and he cannot see if there is oncoming traffic, we find such a driver negligent as a matter of law. *See Crosby v. Sawyer*, 291 S.C. 474, 354 S.E.2d 387 (1987) (finding directed verdict appropriate on the issue of negligence when driver properly stopped before pulling into intersection but nonetheless collided with another vehicle); *Lufkin v. Kyle*, 275 S.C. 90, 267 S.E.2d 533 (1980) (finding a directed verdict appropriate where motorist blinded by the sun caused an accident); *Odom v. Steigerwald*, 260 S.C. 422, 196 S.E.2d 635 (1973) (finding a directed verdict appropriate when driver approaching favored highway properly stopped, looked both ways, and entered the intersection but collided with a vehicle approaching the intersection on the favored highway); *Edwards v. Bloom*, 246 S.C. 346, 143 S.E.2d 614 (1965) (finding a directed verdict appropriate when motorist blinded by the sun caused an accident); *Horton v. Greyhound Corp.*, 241 S.C. 430, 128 S.E.2d 776 (1962) (finding the driver on the unfavored highway negligent for turning into path of oncoming vehicle); *Epps v. S.C. State Hwy. Dep't*, 209 S.C. 125, 39 S.E.2d 198 (1946) (finding negligence where driver's view obscured by fog).

## IV.

Ellis raised additional issues to the court of appeals, which were not reached. We elect to review those additional issues. We find these remaining issues manifestly without merit and affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Gamble v. Int'l Paper Realty Corp. of S.C.*, 323 S.C. 367, 474 S.E.2d 438 (1996) (finding the admission of evidence is within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion); *Cock–N–Bull Steak House, Inc. v. Generali Ins. Co.*, 321 S.C. 1, 466 S.E.2d 727 (1996) (finding the denial of a new trial motion is within the discretion of the trial court and will not be disturbed absent an abuse of discretion).

## V.

We reverse the court of appeals and reinstate the jury verdict.

**REVERSED.**

TOAL, C.J., PLEICONES, HEARN, JJ., and Acting Justice G. THOMAS COOPER, Jr., concur.