## Publicity on Tax Refunds

KEITEL, Deputy Attorney General, January 7, 1955.—We have the resolution of the Board of Finance and Revenue requesting to be advised as to whether or not under section 731 of The Fiscal Code, Act of April 9, 1929, P. L. 343 as amended, 72 PS §731, the names of taxpayers and amounts granted to them by refund or review are confidential information.

The function of the Board of Finance and Revenue with respect to refunds is provided for in section 503 of The Fiscal Code, as last amended by the Act of January 19, 1952, P. L. 1951-52, 2178, 72 PS §503, which reads in part as follows:

"Section 503. Refunds of State Taxes, License Fees, Et Cetera.—The Board of Finance and Revenue shall have the power, and its duty shall be,

"(a) To hear and determine any petition for the refund of taxes, license fees, penalties, fines, bonus, or other moneys paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled and, upon the allowance of any such petition, to refund such taxes, license fees, penalties, fines, bonus, or other moneys, out of any appropria-

tion or appropriations made for the purpose, or to credit the account of the person, association, corporation, body politic, or public officer entitled to the refund. . . ."

That section further provides that petitions for refunds must be in the form prescribed by the board and filed within two years of the payment for which refund is requested or within two years of the settlement of the tax, whichever period last expires. In certain valuation cases, the time limit is one year, and in cases where a court has held a statute to be unconstitutional or to have been erroneously interpreted by the taxing officers, the limit is five years, with certain exceptions not relevant here. These time limitations are mandatory: Federal Deposit Insurance Corporation v. Board of Finance and Revenue, 368 Pa. 463 (1951). Where the court has held that the tax statute is unconstitutional or has been erroneously interpreted, the duty of the board to order a refund or credit is mandatory: Hotel Casey Co. v. Ross et al., 343 Pa. 573 (1942) ; Chapman-Burrous, Inc., v. Board of Finance and Revenue, 63 Dauph. 258 (1953).

The function of the Board of Finance and Revenue on review is set forth in section 1103 of The Fiscal Code, 72 PS §1103, as last amended by the Act of April 25, 1949, P. L. 745, which provides in part as follows:

"Section 1103. Petition to Board of Finance and Revenue for Review.—Within sixty days after the date of mailing of notice by the Department of Revenue, or of the Auditor General, or of the Department of State of the action taken on any petition for a resettlement filed with it, or of any resettlement made under the provisions of section one thousand one hundred five of this act, the party with whom the settlement was made or the Commonwealth of Pennsylvania may, by petition, request the Board of Finance and Revenue to review such action.

"Every petition for review, filed hereunder, either shall state specifically therein the reasons upon which the petitioner relies, or shall incorporate, by reference, the petition for resettlement in which such reasons shall have been stated. . . .

"The Board of Finance and Revenue may sustain the action taken on the petition for resettlement, or it may resettle the account upon such basis as it shall deem according to law and equity."

This procedure for review follows the action of the Secretary of Revenue and the Auditor General in settling and resettling taxes under the various sections of The Fiscal Code (e.g., 801, 802, 1101, 1102, 72 PS §§801, 802, 1101, 1102).

In the disposition of all petitions for refund and petitions for review, the Board of Finance and Revenue considers the data submitted with the petition before it, together with the files of the taxing departments, the tax reports, investigations, settlements and resettlements. If the board sustains the action of the taxing officers, the petition is denied. If the board reduces the amount of the tax owed by the taxpayer, it does so by redetermining the tax. This involves the same procedure as used by the taxing officers in making settlements and resettlements, and requires a recomputation of the fractions involved, the multiplicand, the tax base and the ultimate amount of the tax payable.

In the case of the reduction of the tax on review, if the taxpayer has not paid the tax, no credit becomes necessary, but if the taxpayer has paid the tax, he secures a credit on the books of the Department of Revenue by reason of the resettlement by the board on review.

In the case of a petition for a refund, the tax has already been paid by the taxpayer. If the board grants the prayer of the petition, the taxpayer becomes entitled to a credit for the difference between the amount

settled or resettled against him by the fiscal officers, and the amount which the board decides that the settlement should have been.

Therefore, the question raised by the inquiry is whether the secretary of the board may voluntarily divulge for other than official use the results of the redetermination of taxes by the board on petitions for refund and review.

Section 731 was added to The Fiscal Code by the Act of June 6, 1939, P. L. 261, sec. 9. As amended by the Act of July 9, 1941, P. L. 305, it reads as follows (72 PS §731):

"Section 731. Confidential Information.—Any information gained by any administrative department, board, or commission, as a result of any returns, investigations, hearings or verifications required or authorized under the statutes of the Commonwealth imposing taxes or bonus for State purposes, or providing for the collection of the same, shall be confidential except for official purposes, and except that such information may be given to any other state or to the Government of the United States, where such state or the United States by law authorizes the furnishing of similar information to the Commonwealth of Pennsylvania. Any person or agent divulging such information shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not in excess of five hundred dollars ($500.00), or to undergo imprisonment for not more than three (3) years, or both, in the discretion of the court."

The purpose of this section has been considered on two occasions by the Supreme Court of Pennsylvania.

In Commonwealth v. Mellon National Bank & Trust Co., 360 Pa. 103, 110 (1948), in adopting the ruling of the court below (62 D. & C. 105, 121), the court said, with respect to section 731:

". . . 'The purpose of this section is to prohibit voluntary disclosures. It is not intended to defeat justice by prohibiting the production of necessary records in judicial proceedings. . . .' "

In Graham Farm Land Co. v. Commonwealth, 363 Pa. 571, 573 (1950), the court said that section 731 was added to The Fiscal Code ". . . in order to protect the taxpayer from unnecessary disclosures of the information contained in his tax return . . .".

Since the purpose of section 731 was to protect taxpayers from voluntary disclosures of the tax information contained in the tax return, section 731 must be construed so as to effectuate that purpose. In our opinion, the privacy of the taxpayer would be invaded by the voluntary disclosure of the amounts of tax resettled against the taxpayer either on review or refund by the board. The statute prohibits the disclosure of "any information" which the board has obtained "as a result of any returns, investigations, hearings or verifications". The redetermination of taxes as settled or resettled by the fiscal departments is so closely identified with the information which the statute labels as confidential as to compel the conclusion that the board's records as to such redeterminations may not be voluntarily disclosed under section 731.

The rules of statutory construction confirm this conclusion. Since the purpose of section 731 was to protect the taxpayer from disclosures which were not prohibited prior to the enactment of section 731, the section is remedial, and should be construed liberally to accomplish that purpose: Section 58 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558.

Moreover, if it should be contended that section 731 is ambiguous as to disclosure of refunds or credits established by the board, it must be remembered that it has been the policy of the board since the enactment

of this section not to make a voluntary disclosure of such information. The administrative interpretation of a statute while not controlling, is entitled to great weight in construing the meaning of the statute: Section 51(8) of the Statutory Construction Act, 46 PS §551(8). In Federal Deposit Insurance Corp. v. Board of Finance and Revenue, supra (368 Pa. 463), the court said:

". . . It is true, of course, that the contemporaneous construction of a statute by those charged with its execution and application, especially when it has long prevailed, is entitled to great weight and should not be disregarded or overturned except for cogent reasons, and unless it is clear that such construction is erroneous: . . ."

We are not attempting to pass upon the wisdom of the policy of the legislature in requiring that the taxpayer's business accounts with the Commonwealth shall remain confidential. However, it may be noted that the bare statement of an amount of tax resettled or refunded by the board should be meaningless to any person making inquiry for a legitimate purpose, unless he also received additional information explaining why and how these amounts were computed by the board. The disclosure of such additional information is clearly prohibited by section 731.

It must be presumed that the legislature did not intend an unreasonable result: Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 229 (1950) ; section 52 of the Statutory Construction Act, 46 PS §552. It does not seem reasonable that the legislature intended to require the board to disclose meaningless data while prohibiting the disclosure of additional information necessary to understand such data.

Therefore, we are of the opinion that the provisions of section 731 of The Fiscal Code, as construed by the Supreme Court of Pennsylvania and by the long estab-

lished policy of the Board of Finance and Revenue, prohibits the voluntary disclosure of information regarding the action of the board on petitions for review for refund, except for the purposes specified in that section. Accordingly, you are advised that the names of taxpayers and amounts granted to them by the board on refund or review are confidential information under the law enacted by the General Assembly and presently in effect.