## Board of Finance and Revenue Records

JOSEPH L. DONNELLY, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, October 31, 1957.—You have asked to be advised whether the review docket and the refund docket of the Board of Finance and Revenue are public records available for examination and inspection by the public under the provisions of the Right to Know Law of June 21, 1957, P. L. 390, 65 PS §66.1 et seq. In this connection you have appended to your request for advice a sample sheet of the review docket, which you have marked "A", and a sheet of the refund docket, which you have marked "B".

The review docket of the Board of Finance and Revenue shows the number of the claim, the name of the taxpayer, the nature of the case, the time period involved, the date and amount of settlement, payments made by the taxpayer, the date on which the petition

for resettlement was filed with the Department of Revenue, the action on the petition for resettlement by the Department of Revenue and the Department of Auditor General, the date of notice of the action on the petition for resettlement by the Department of Revenue, the date on which the petition for review was filed, the reasons for the review and the disposition of the case.

The refund docket of the Board of Finance and Revenue shows the number of the claim, the name of the taxpayer, the nature of the case, the period of time involved, the ledger record of payments, the date of filing the petition with the Board of Finance and Revenue, the reasons for requesting a refund and the disposition of the case.

The foregoing information, which is roughly equivalent to the information contained in the dockets of courts of record, pertains to the administrative adjustment of a taxpayer's liability. The administrative action of the board which is recôrded in the review and refund dockets may, and often does, result in a reduction of a taxpayer's liability, and in those cases where tax payments have been made in excess of the adjusted tax liability refunds are authorized. Because this function of the board so vitally affects the administration of the taxing program of the Commonwealth, the actions of the board, as recorded in the review and refund dockets, should, unless forbidden by law, be open to public scrutiny. Such is the legislatively-expressed public policy of the Commonwealth.

Section 2 of the Right to Know Law, supra, provides that:

"Every public record of an agency shall, at reasonable times, be open for inspection by any citizen of the Commonwealth of Pennsylvania."

Section 1(2) of the act defines a "public record" as including "any account . . . dealing with the receipt

or disbursement of funds by an agency" or any "decision by an agency fixing the . . . property rights . . . or obligations of any person or group of persons." The Board of Finance and Revenue is an "agency" within the meaning of that term as defined in section 1(1) of the act. It follows that the action of the board in resettling a taxpayer's liability or authorizing a refund of tax payments falls squarely within the command of the Right to Know Law that such actions shall be open for public inspection.

So much would dispose of the present inquiry were it not for the fact that the definition of "public record" in section 1(2) of the Right to Know Law contains a proviso excluding from the definition of "public record" any record "access to or the publication of which is prohibited, restricted or forbidden by statute law". It remains, therefore, to determine whether section 731 of The Fiscal Code of April 9, 1929, P. L. 343, as amended, 72 PS §731, prohibits public inspection of the board's review and refund dockets.

Prior to 1956, section 731 of The Fiscal Code provided, inter alia, that:

"Any information gained by any administrative department, board, or commission, as a result of any returns, investigations, hearings or verifications required or authorized under the statutes of the Commonwealth imposing taxes or bonus for State purposes, or providing for the collection of the same, shall be confidential except for official purposes, and except that such information may be given to any other state or to the Government of the United States, where such state or the United States by law authorizes the furnishing of similar information to the Commonwealth of Pennsylvania. . . ."

Violation of this provision was made a misdemeanor punishable by fine and imprisonment.

This provision was twice before our Supreme Court

for interpretation. See Commonwealth v. Mellon National Bank & Trust Co., 360 Pa. 103, 61 A. 2d 430 (1948), and Graham Farm Land Co. v. Commonwealth, 363 Pa. 571, 70 A. 2d 219 (1950). Both of these decisions involved production of *tax returns* in response to subpoenae duces tecum and are not helpful in the present inquiry. Subsequently, the meaning and effect of section 731 were considered in Formal Opinion No. 651-A, 1955-56 Op. Atty. Gen. 3. There, the Attorney General advised the chairman of the Board of Finance and Revenue that section 731 of The Fiscal Code:

". . . prohibits the voluntary disclosure of information regarding the action of the Board on petitions for review or refund, except for the purposes specified in that section. Accordingly, you are advised that the names of taxpayers and amounts granted to them by the Board on refund or review are confidential information under the law enacted by the General Assembly and presently in effect."

It is unnecessary for us now to reëxamine the views expressed in Formal Opinion No. 651-A in the light of the provisions of the Right to Know Law because, as subsequent legislation demonstrates, the views expressed in that opinion can no longer be considered as the binding advice of this office.

In 1956 the legislature amended section 731 by adding the following sentence:

"For purposes of this section, information regarding refunds or credits and the names of the persons or corporations entitled thereto, which is available for public inspection under the provisions of this act, shall not be deemed confidential." *

The net effect of the 1956 amendment was to overrule the holding of Formal Opinion No. 651-A and to

---

* See the Act of March 6, 1956, P. L. (1955) 1218.

remove the cloak of privilege from the names of taxpayers receiving refunds or credits from the Board of Finance and Revenue. The information thus removed is precisely that information which appears in the review and refund dockets of the board. Moreover, the opening of the review and refund dockets for public inspection would not reveal information of a sort protected by the first sentence of section 731, that is, information the disclosure of which would injure a taxpayer's competitive position in the business world.

The 1956 amendment of section 731 of The Fiscal Code withdrew the confidential status theretofore accorded to the data contained in the review and refund dockets of the board. That being the case, the provisions of the Right to Know Law, heretofore discussed, become fully applicable.

It is, therefore, our opinion and you are accordingly advised that the contents of the review docket and the refund docket of the Board of Finance and Revenue are not made confidential by section 731 of The Fiscal Code and must be made available for public scrutiny under the Right to Know Law.