PER CURIAM.
The decision of the Supreme Court of Florida in Farley v. Collins, Fla.1962, 146 So.2d 366, reversed this court’s opinion rendered in Collins v. Farley, Fla.App.1962, 137 So.2d 31, and remanded for further proceedings consistent therewith. Accordingly, the matter was set for re-argument by the parties on all points not disposed of by the opinion of the Supreme Court.
The extent of the Supreme Court’s consideration of our previous decision is clearly set forth in Farley v. Collins, supra, and reference can be made to that decision for a full discussion of the essential facts and legal issues involved.
In our prior opinion we mentioned that the appellant had raised two additional points on appeal which we found unnecessary to rule upon because of our holding on other grounds. It now becomes incumbent upon us to decide these points, to-wit:
1. whether certain comments made by the trial judge were improper and necessitated a new trial, and
2. whether the ruling of the trial judge which precluded the use by the defendant of plaintiff’s income tax returns for impeachment of plaintiff’s claimed loss of earnings, was reversible error.
As to the first point, we hold that the defendant failed to preserve the point for appeal by failing to make a timely objection to the remarks at the time of trial. Marsh v. Sarasota County, Fla.App.1957, 97 So.2d 312.
 As to the second point, we hold that the trial judge committed prejudicial, reversible error by refusing to allow the defendant to use the plaintiff’s income tax returns on cross-examination for the purpose of impeaching plaintiff’s testimony as to his loss of earnings. The trial judge erroneously concluded that the income tax returns of the plaintiff, a taxi cab driver, were unreliable indications of his true income because a large portion of such income was from gratuities. The court may not presume that the plaintiff failed to -report such gratuities as income. The internal revenue tax returns were admissible evi *595 dence bearing upon the issue of plaintiff’s loss of earnings. Merriman v. Cities Service Gas Co., 11 F.R.D. 584 (W.D.Mo.1951); Davis v. Atlantic Coast Line Railroad Co., 227 N.C. 561, 42 S.E.2d 905; Graham Farm Land Co. v. Commonwealth, 363 Pa. 571, 70 A.2d 219.
Accordingly, the judgment appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.