## 20133

Laymon R. CORNWELL, Respondent, v. Eva Mae PLUMMER, Appellant.

(220 S. E. (2d) 879)

*Jackson L. Barwick, Jr., Esq.,* of *Belser, Baker, Belser, Barwick & Toal,* Columbia, *for Appellant,* cites:

*Messrs. Harold R. Boulware,* and *E. Ellison Walker, McKay, Sherrill, Walker, Townsend & Wilkins,* of Co-

590

lumbia, *for Respondent,* cite:

*Jackson L. Barwick, Jr., Esq.,* of *Belser, Baker, Belser, Barwick & Toal,* Columbia, *for Appellant, in Reply.*

December 16, 1975.

GREGORY, Justice:

Respondent instituted this action to recover damages to his tractor-trailer and lost profits as a result of a collision with appellant's automobile. Appellant appeals from a verdict in respondent's favor asserting that the trial judge committed error (1) in denying appellant the right to cross examine respondent regarding business profits reported in his income tax returns, and (2) in refusing to grant appellant's request to charge S. C. Code Ann., § 46-361(a), (c), Cum. Supp. (1962), regarding speed under hazardous conditions.

Respondent testified to a net loss of profits from his trucking operation of $5,000 for the two and one-half months necessary to repair his tractor-trailer. Federal and State Income Tax Returns for the years 1970, 1971 and 1972 were produced at trial pursuant to subpoena *duces tecum* and introduced into evidence by respondent. He testified that the returns had been improperly prepared by a tax service for which he was assessed additional tax. Appellant attempted to cross examine respondent regarding the Profit (or Loss) from Business Schedule of his 1971 income tax return because it was inconsistent with his trial testimony.[1]

---

[1] The 1971 Federal Income Tax return (Schedule C of Form 1040) listed respondent's business activity as "Service Station" with a reported business loss of $1,145.00. No entry appeared regarding a tractor-trailer operation and no income was reported therefrom.

The trial judge refused to allow appellant to question respondent regarding the profit and loss schedule of the tax return on the ground of irrelevancy.

"While it is true that the scope of the cross examination is largely in the discretion of the trial judge, still, when the question is as to the relevancy of the evidence . . ., it becomes a matter of law upon which this court ought to pass." *Bunch v. Charleston & W. C. Ry. Co.,* 91 S. C. 139, 74 S. E. 363 (1912); *Garrett v. Mutual Ben. Life Ins. Co.,* 239 S. C. 574, 124 S. E. (2d) 36 (1962).

We, think that the information in the income tax return regarding respondent's net earnings and profit or loss on his tractor-trailer is relevant for two important reasons. First, respondent claimed lost profits and earnings as an element of damage in his Amended Complaint and in his testimony at trial and an issue was made with respect thereto under Appellant's Answer. It is apparent that evidence regarding prior statements contained in respondent's income tax return indicating income earned (or lack thereof) from the operation of the tractor-trailer to be less than the amount to which respondent testified was relevant, and admissible for the truth of the matter asserted in the written statement as an admission of a party opponent. *Hunter v. Hyder,* 236 S. C. 378, 114 S. E. (2d) 493 (1960).

Second, the credibility of a party witness is always in issue. The prior statements in respondent's income tax returns indicating income earned (or lack thereof) from the tractor-trailer was inconsistent with his trial testimony. The relevant portions of the returns were admissible to impeach respondent's credibility by a prior inconsistent statement. *Harper v. American Ry. Express Co.,* 139 S. C. 545, 138 S. E. 354 (1927). Numerous decisions hold that material in a party's income tax return is proper evidence for the purpose of contradicting his trial testimony on a matter in issue, including especially, loss of earnings. *Collins v. Farley,* 147 So. (2d) 593 (Fla. App. 1962), *Halladay v. Verschorr,* 381 F. (2d) 100 (8 Cir. 1967).

Loss of profits and earnings was a vital issue and the trial judge's denial of cross examination on the grounds of irrelevancy was plainly prejudicial.

Additionally, respondent introduced the 1971 return as his Exhibit and they could well have been regarded by the jury as supporting in some way his claim for lost profits and earnings. Appellant was plainly entitled to cross examine respondent with regard thereto to demonstrate, if true, that the entries shown as income figures thereon were not in fact referable to the ownership or operation of a tractor-trailer. The jury should not have been left to determine this matter for themselves without clarification.

Although the tax returns were introduced into evidence by respondent, he argues that the judge was correct in not allowing cross examination because he admitted the returns were erroneous. The better and accepted view is that appellant be allowed to cross examine with respondent's being given an opportunity to explain the inconsistencies. *McMillan v. Ridges*, 229 S. C. 76, 91 S. E. (2d) 883 (1956). It is a general rule that a witness may be cross examined as to a writing concerning which he has testified on direct examination or which he has introduced in evidence. 98 C. J. S. *Witnesses* Sec. 391; See *Hansson v. General Insulation & Acoustics*, 234 S. C. 177, 107 S. E. (2d) 41 (1959).

Appellant also contends that the trial judge erred in refusing to charge the jury as to Section 46-361, 1962 Code of Laws of South Carolina, Cum. Supp., which follows in pertinent parts:

"(a) *General rule.*—No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual potential hazards then existing. In every event speed shall be

so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance . . . and the duty of all persons to use due care.

"(c) *When lower speeds required; penalties; citation for violating speed limits.*—The driver of every vehicle shall, consistent with the requirements of paragraph (a), drive at an appropriate reduced speed when . . . special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

Immediately before the accident, both vehicles were proceeding east on I-20, with respondent's tractor-trailer following appellant's automobile. When respondent crested a hill, he saw a flashing light in the median and a patrolman on the right side of the highway. He reduced his speed and changed to the left lane. Appellant remained in the right lane and reduced her speed also. When appellant neared the patrolman, who by this time had moved to the middle of the right lane and was signalling her to move to the left lane, she changed without looking, colliding with respondent's tractor-trailer.

At the time of the impact appellant had reduced her speed to between 10 and 15 mph. The tractor-trailer, having slowed to 30 miles per hour in the left lane, was in the process of passing appellant's car just as she changed to his lane. Although respondent had slowed to 30 miles per hour, reasonable men could conclude that in view of the totality of circumstances (flashing lights, car to the immediate right slowed to almost stopping, a patrolman in front of the nearly stopped car signaling its driver to change lanes), that maintaining a speed enabling him to pass appellant's car at that point was a violation of the above statute and a contributing, proximate cause of the accident. See *Thompson v. Brewer*, 225 S. C. 60, 82 S. E. (2d) 685 (1954).

The judge did charge other applicable provisions of the Code, instructing the jury that violations of a statute is

negligence *per se*. He refused to charge on the above code section as he determined there was no evidence in the record of excessive speed or of speed having had anything to do with the wreck. We find that the trial judge was in error by refusing to make the requested charge.

Reversed and remanded for a new trial.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

RHODES, J., not participating.