1126

William S. HUSTED, Appellant v. Katherine M. BOSTICK, Respondent.
(368 S. E. (2d) 67)

Court of Appeals

*J. Alan Bass* and *Gene M. Connell, Jr.*, Surfside Beach, *for appellant.*

*D. W. Green, Jr.*, Conway, *for respondent.*

Heard March 14, 1988.

Decided April 4, 1988.

SANDERS, Chief Justice:

Appellant William S. Husted sued respondent Katherine M. Bostick seeking to recover damages for personal injuries allegedly suffered in an automobile accident. The jury returned a verdict for Ms. Bostick. Mr. Husted appeals. We affirm.

The single issue presented on appeal is whether the trial judge erred "in giving a 'special hazard' charge to the jury based on Section 56-5-1520(c) of the Code of Laws of South Carolina, 1976." (Other issues raised by the exceptions of Mr. Husted were specifically abandoned in oral argument before us.)

Mr. Husted argues that reversal is required because "no evidence or testimony was presented at trial which pointed to the existence of a 'special hazard' at the scene of the wreck which is the subject of this lawsuit."

The accident happened at the intersection of South Carolina Highway 76 and Williamson Road in Florence County.

Mr. Husted was driving a van west on Highway 76. Ms. Bostick was driving a car east on the same highway, intending to turn left onto Williamson Road. Mr. Husted testified that, as he approached the intersection, he saw the car being driven by Ms. Bostick, "postured to turn." Ms. Bostick proceeded to turn left in front of Mr. Husted whereupon her car was struck by the van being driven by him. There was testimony that Mr. Husted was speeding and increased his speed as he approached the intersection. There was further testimony that the traffic light at the intersection was changing from green to yellow for vehicles on Highway 76.

We reject the argument of Mr. Husted for two reasons. Section 56-5-1520(c) lists a number of different situations, all of which require a motorist to drive at "an appropriate reduced speed." Among the various situations listed is "when special hazard exists with respect to pedestrians or other traffic or by reason of weather or other highway conditions." The testimony that, as Mr. Husted approached the intersection, the car being driven by Ms. Bostick was postured to turn, and the further testimony that the traffic light was changing from green to yellow, is sufficient evidence that a special hazard existed within the meaning of the statute. *Cf. Cornwell v. Plummer*, 265 S. C. 587, 220 S. E. (2d) 879 (1975) (trial court erred in refusing to charge the jury with respect to the statute which requires driving at a reduced speed when a special hazard exists).

Moreover, the charge given by the trial judge would not require reversal, even if there had been no evidence that a special hazard existed. The trial judge charged the entire statute to the jury. Mr. Husted objected only to the part of the charge regarding the requirement that a motorist drive at a reduced speed when a special hazard exists. Another situation listed by the statute as requiring a motorist to drive at a reduced speed is "when approaching and crossing an intersection." It is, of course, undisputed that Mr. Husted was approaching an intersection. Since he was required to drive at a reduced speed without regard to whether any special hazard existed, the charge that a motorist is also required to do so when a special hazard exists was harmlessly superfluous at worst. *See Walker v. Frericks*, 292 S. C. 87, 95 354 S. E. (2d) 915, 920

(Ct. App. 1987) ("This court will not reverse a judgment on the basis of harmless error."); *Yaun v. Baldridge*, 243 S. C. 414, 421, 134 S. E. (2d) 248, 252 (1964) (addressing charge by the trial court of Code section 56-5-1520: "It is well settled that the giving of even an erroneous instruction is not reversible error unless the appellant can show that he was prejudiced thereby.").

Affirmed.

GARDNER and BELL, JJ., concur.