COHEN, J.
Gregory Taylor appeals his judgment and sentence after a jury found him guilty of possession of a firearm by a violent career criminal.[1] He argues that the trial court reversibly erred by allowing inadmissible hearsay into evidence. Although the trial court’s analysis on the hearsay issue was faulty, we affirm because the statements at issue were admissible under the excited utterance exception to the hearsay rule.
At trial, Taylor’s ex-girlfriend, Tambra Bacon, testified that shortly after their relationship ended, she was driving her new boyfriend’s car to a McDonald’s when she saw Taylor standing in the middle of the road. After making eye contact with Bacon, Taylor walked in front of her vehicle, yelled out various insults, and threatened to kill her. As Bacon sped away, she saw a gun in Taylor’s hand and heard what sounded like three gunshots. She then drove to a nearby restaurant, where she dialed 911. However, upon seeing a police officer nearby — later identified as Officer Carlos Davila — she hung up and told him what happened.
Officer Davila’s testimony was generally consistent with Bacon’s. Additionally, he testified that he observed bullet holes in the door of the car she was driving. Crime scene technicians located bullets inside the vehicle driven by Bacon. However, law enforcement did not find evidence of spent cartridges[2] at the scene, nor could they locate any witnesses. The trial court allowed Officer Davila to relate to the jury what Bacon told him about the shooting.
The issue on appeal is whether the trial court erred in allowing Officer Davila to testify about the initial statements Ba *115 con made to him at the restaurant. Below, the State argued that the statements were admissible pursuant to the excited utterance exception to the hearsay rule. The defense responded that the excited utterance exception was inapplicable because Officer Davila testified that Bacon had calmed down. The trial court agreed with the defense and ruled that the statements were not excited utterances. Nevertheless, the trial court ruled, sua sponte, that because the declarant, Bacon, was available and subject to cross-examination, the statements to Officer Davila were “not hearsay at all.” In so ruling, the trial judge articulated a common misconception about the hearsay rule.
Hearsay is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(D(c), Fla. Stat. (2013). Hearsay is inadmissible unless an exception applies. See §§ 90.802-.803, Fla. Stat. (2013).
In the instant case, Bacon’s statements to Officer Davila at the restaurant were obviously out-of-court statements. Furthermore, the State offered the statements to prove the truth of the matter asserted, i.e., Taylor was in possession of a firearm and shot at Bacon. The statements have no other apparent relevance. Thus, Bacon’s statements to Officer Davila were clearly hearsay.
Nevertheless, the trial court reasoned that Bacon’s statements were “not hearsay at all” because she testified and was subject to cross-examination. However, an out-of-court statement offered for the truth of the matter asserted can be considered non-hearsay only if it falls under section 90.801(2), Florida Statutes. That section provides that certain statements are not hearsay if the declarant testifies at trial, is subject to cross-examination, and the statement either: (1) is inconsistent with the declarant’s in-court testimony and was given under oath; (2) is consistent with the declarant’s testimony and is offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication; or (3) is offered as identification of a person. § 90.801(2), Fla. Stat. The only non-hearsay basis that is potentially relevant here — and the only one that the State raises on appeal — is identification. Officer Davila’s testimony went well beyond a statement of identification. His testimony related, in its entirety, the events of the shooting as explained by Bacon. Accordingly, the trial court erred when it concluded that Bacon’s statements to Officer Davi-la were not hearsay.
On appeal, the State persuasively argues that the statements were admissible as excited utterances, and that we should therefore affirm pursuant to the tipsy coachman doctrine.[3] An excited utterance is “a statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.” § 90.803(2), Fla. Stat. For a statement to constitute an excited utterance, three requirements must be met: (1) there must have been an event startling enough to cause nervous excitement; (2) the statement must have been made before the declarant had time to contrive or misrepresent; and (3) the *116 statement must have been made while the declarant was still under the stress of excitement caused by the event. State v. Jam, 524 So.2d 660, 661 (Fla.1988). The excited state can exist for a substantial amount of time after the event occurs. Id. (quoting C. Ehrhardt, Florida Evidence § 803.2 at 473-74 (2d ed. 1984)). When assessing the duration of the excited state, the court should ask whether the declarant had time for reflective thought and the capacity for conscious misrepresentation. See id. at 662 (“[A]n accurate rule of thumb might be that where the time interval between the event and the statement is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not in fact engage in a reflective thought process.” (quoting E. Cleary, McCormick on Evidence § 297 at 856 (1984 3d ed.))).
Whether the declarant made an excited utterance is a preliminary question of fact for the trial court, and the court’s ruling is reviewed for an abuse of discretion. Frederick v. State, 923 So.2d 1288, 1288 (Fla. 5th DCA 2006). That discretion is limited, however, by the rules of evidence and the doctrine of stare decisis, and a court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Delhall v. State, 95 So.3d 134,155 (Fla.2012).
Here, Bacon testified that she saw Officer Davila immediately after the shooting occurred and that she was “emotional, crying, upset, [and] panicking” when she told him what happened. Officer Davila described Bacon’s demeanor consistently: “She was shaken up. You know, talking really fast, stuttering. I tried to calm her down a little bit so she could start telling me what’s going on. And once she calmed down slightly she was able to tell me [what happened].” As Davila spent time with Bacon, he observed her start to calm down. Specifically, he testified: “She wasn’t shaking as much. She did keep looking over her shoulder once in a while but she was able to — the pitch of her voice lowered so she was able to talk, you know, she had self control.” Apparently, the trial court seized upon Officer Davila’s testimony that Bacon “calmed down slightly,” and concluded that her statements were not excited utterances.
Examining the evidence as a whole, however, we find that this was an abuse of discretion. There was no evidence that Bacon had sufficient time for reflection, and the evidence demonstrated that she was still in a state of panic as she related the events, which had occurred just minutes before, to Officer Davila. Although she may have calmed down enough to speak to Officer Davila, she was still shaking and appeared excited. Cf Hudson v. State, 992 So.2d 96, 108 (Fla.2008) (holding that the fact that declarant’s voice did not sound excited was not determinative of whether his statements met the requirements of section 90.803(2), Florida Statutes, and noting that “[s]ome people remain calm of voice when under stress”). Under these facts, Bacon’s statements were excited utterances. Accordingly, we find that, under the tipsy coachman doctrine, the admission of the statements was not error.
AFFIRMED.
EVANDER, J„ and HARRIS, C.M., Senior Judge, concur.

. § 790.235, Fla. Stat. (2012). Taylor was also charged with shooting into an occupied vehicle under section 790.19, Florida Statutes (2012). Following his conviction for possession of a firearm, the State nolle pressed the remaining charge.

. This does not necessarily mean that the shooting did not occur: if the weapon used was a revolver rather than a semi-automatic handgun, no spent cartridges would have been present.

. The tipsy coachman doctrine states that "if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.” Dade Cnty. School Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). While the State does not specifically cite to the tipsy coachman doctrine, as a practical matter, that is the doctrine relied upon.