# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4268

_____

JIMMY R. BAITY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Francis Allman, Judge.

August 9, 2019

PER CURIAM.

Appellant, Jimmy R. Baity, appeals his convictions and sentences for aggravated stalking after court order, attempted first-degree murder, and burglary of a conveyance with person assaulted. He argues on appeal that the trial court erred in admitting into evidence a voicemail for his wife, the victim, left by his mother and in denying his motions for a continuance and a mistrial. Finding no abuse of discretion in the trial court's denial of Appellant's motions, we affirm as to those issues without comment. As for the admission of the voicemail, we conclude for the reasons that follow that the trial court was correct in determining that it was admissible as an excited utterance. We, therefore, affirm Appellant's convictions and sentences.

During Appellant's trial, the State called Maple Hamilton, his mother. She testified about an early-morning phone call from Appellant in which he told her that he might beat the victim. "Shortly after" her conversation with Appellant, Hamilton called the victim and left the following voicemail:

> Laurie, you need to talk to me. You need to pick up this phone and talk to me. Please do. I'm saving your life, sweetheart. Please pick up the phone and talk to me . Do not go to that house. Please do not go there. Please, Lord, pick up the phone and talk to me. I'm trying to save you again. Don't go to that house. Please don't go to that house. I love you. Bye.

When asked why she left the voicemail, Hamilton testified that she was concerned that Appellant would violate his injunction by having contact with the victim and that she went back to sleep after leaving the voicemail. The victim described Hamilton's demeanor on the voicemail as being scared. When asked if Hamilton seemed upset, the victim replied, "Yeah. So that's when I called her back." The trial court overruled defense counsel's hearsay objection to the voicemail, finding in part that the "State has now laid a sufficient foundation for the excited utterance." The jury found Appellant guilty as charged on the three counts, and the trial court sentenced him to concurrent terms of life and five years' imprisonment. This appeal followed.

Appellant challenges the trial court's excited utterance ruling on appeal. "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2017). Pursuant to section 90.803(2), Florida Statutes (2017), an exception to hearsay includes a "statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The following elements must be met for the exception to apply: (1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress or excitement caused by the event.

*Blandenburg v. State*, 890 So. 2d 267, 269 (Fla. 1st DCA 2004). A trial court's ruling on the admissibility of a statement as an excited utterance is reviewed for an abuse of discretion. *Hudson v. State*, 992 So. 2d 96, 109 (Fla. 2008); *Williams v. State*, 967 So. 2d 735, 748 (Fla. 2007).

In support of his argument, Appellant relies upon Ms. Hamilton's testimony that she only called the victim because she was concerned that he would violate his injunction prohibiting contact with the victim and that she went back to sleep after leaving the voicemail. The problem with this reliance, however, is that the victim testified that Hamilton's demeanor was scared. It was because Hamilton seemed upset on the voicemail that the victim called her back. The voicemail itself corroborates the victim's characterization of Hamilton's demeanor. Moreover, although Appellant argues that it was not established that Hamilton left the voicemail before she had time to misrepresent or contrive, Hamilton affirmatively responded when asked if her call to the victim was made "shortly after" her call with Appellant. Based upon such, the trial court did not err in overruling Appellant's hearsay objection. *See, e.g.*, *Roop v. State*, 228 So. 3d 633, 639-40 (Fla. 2d DCA 2017) (holding that the trial court did not abuse its discretion in determining that the excited utterance hearsay exception applied where the victim stated to a 911 operator that someone threw a metal pipe at his car and where there was no time to contrive or mispresent); *Taylor v. State*, 146 So. 3d 113, 115-16 (Fla. 5th DCA 2014) (holding that statements made "minutes" after an event by the ex-girlfriend whose armed ex-boyfriend, the appellant, walked in front of her car while she was driving, yelled insults, and threatened to kill her were admissible as excited utterances notwithstanding an officer's testimony that the ex-girlfriend had calmed down as she was talking to him).

Accordingly, we affirm Appellant's convictions and sentences.

AFFIRMED.

LEWIS and B.L. THOMAS, JJ., concur; WOLF, J., concurs in result.

3

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for Appellee.