DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAN CHIMOUNI,** derivatively on behalf of **E.E.R. HOLDINGS, LLC,**
Appellant,

v.

**VICTORY AVENIR, LLC, ELODIE CHIMOUNI,** et al.,
Appellees.

No. 4D2024-1133

[May 14, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE20-5218.

Carla V. Llaneza of EPGD Attorneys at Law, P.A., Miami, for appellant.

Francis M. Boyer and Kathryn W. Drey of Boyer Law Firm, P.L., Jacksonville, for appellees.

GROSS, J.

This is an appeal from a final judgment, entered after a non-jury trial, that dissolved a Florida limited liability company. The judgment valued and divided the property between the two owners of the company. The main issue raised on appeal is whether the trial court erred in admitting the company's tax returns into evidence under section 90.803(6), Florida Statutes (2023), which provides that records of a "regularly conducted business activity" are an exception to the rule against hearsay.

Although the party offering the tax records failed to demonstrate that they were section 90.803(6) business records of the limited liability company, we nonetheless affirm because the record plainly establishes that the tax returns were admissible as admissions or statements of a party opponent under section 90.803(18), Florida Statutes (2023).

### *Background and Trial Evidence*

Appellant Dan Chimouni ("Dan") and appellee Elodie Chimouni ("Elodie") are French nationals who married in 2008. At the time of trial,

they were in the process of divorcing in France. They had a prenuptial agreement to keep their assets separate both before and after the marriage.

Dan and Elodie formed E.E.R. Holdings, LLC ("E.E.R.") in 2015 as a vehicle for investing in rental properties in the United States. E.E.R. eventually acquired twenty rental units.

Dan testified that he contributed approximately $750,000 in initial capital for E.E.R., funded partly by personal savings and partly from selling an apartment that he and Elodie had in France. Dan claimed that Elodie kept her share of the profit from the sale of the French apartment in her own bank account in France.

By contrast, Elodie testified that she was the one who purchased the French apartment shortly after she married Dan, using credit that she paid back by herself. She explained that the apartment sold for 800,000 euros, with 400,000 going into the parties' joint real estate investments in the United States and another 400,000 allegedly "lent" to Dan, which he never paid back.

While the marital relationship was deteriorating in 2019, Dan withdrew all the funds from the E.E.R. bank account—about $159,000—and removed Elodie's access.

In response, Elodie transferred twelve of E.E.R.'s rental properties to Victory Avenir, LLC, an entity she had formed a few months earlier. She testified that she had consulted an attorney and made the transfers to protect her interests, but not to steal.

One issue at trial was whether, as Dan claimed, the eight properties remaining with E.E.R. were encumbered by a "seller's credit."[1] However, Dan stated that he had no document reflecting any seller's credit. He also admitted that no mortgage, loan, or interest payment was listed on the 2017 tax return. And he conceded that the 2019 and 2020 tax returns did not mention any mortgages, real estate loans, or interest payments.

E.E.R.'s tax returns for 2017 and 2018 showed that Dan and Elodie each had a 50% share of profit, loss, and capital for E.E.R. For the 2019 tax return, Dan directed the accountant to revise the partnership capital percentages to reflect his ownership at 100%.

---

[1] The parties used the term "seller's credit" below to mean a loan provided by the seller as part of a seller financing arrangement.

Ultimately, Dan brought a derivative lawsuit on behalf of E.E.R. against Elodie and Victory Avenir, asserting multiple claims in a third amended complaint, including a count for dissolution of E.E.R. The defendants answered, and Elodie brought a counterclaim asserting multiple counts for breach of fiduciary duty.

After the trial court dissolved E.E.R. at a summary judgment hearing, the case proceeded to a non-jury trial on Dan's pending claims for breach of fiduciary duty, equitable division of E.E.R., and conversion of rents, and on Elodie's counterclaim asserting breaches of fiduciary duty. The conversion claim was "not disputed" at trial because the rent money was being held in escrow.

### *Admission of the Tax Returns*

E.E.R.'s 2017-2020 United States income tax returns were offered in evidence at trial by Elodie's lawyer. Dan confirmed that the returns were prepared by E.E.R.'s accountant at his direction. He said that the records were kept in the regular course of E.E.R.'s business. He stated that he had reviewed the returns and authorized the accountant to use his electronic signature to file the returns electronically with the Internal Revenue Service. He admitted that he was E.E.R.'s designated representative for tax matters.

Among other objections, Dan's attorney argued that the returns were inadmissible hearsay that did not qualify as section 90.803(6) business records. The trial court overruled the objections to the four returns, at one point indicating that there was "sufficient reliability and authenticity to allow the introduction" of a return and "overcome the hearsay objection under the business records exception." Dan's counsel preserved his objection to the admission of the returns as section 90.803(6) business records.

### *The Final Judgment*

The trial court ordered a 50/50 division of the assets, which were to be divided in accordance with a schedule contained within the judgment.

### *Discussion*

On appeal, Dan argues that Elodie's lawyer failed to satisfy "any of the criteria necessary to qualify Dan as a competent witness" to qualify the tax returns as section 90.803(6) business records, as he was not the "records

3

custodian" of the returns and he "had no personal knowledge as to how the tax documents . . . were prepared."

We conclude that although the tax returns were "business records" of E.E.R. in a generic sense, they were not records of a regularly conducted business activity within the meaning of section 90.803(6).

Florida's business records exception to the hearsay rule is set forth in section 90.803(6)(a), Florida Statutes (2023). For a record to be admissible under the business records exception, the proponent must show that: (1) the record was made at or near the time of the event; (2) the record was made by or from information transmitted by a person with knowledge; (3) the record was kept in the ordinary course of a regularly conducted business activity; and (4) it was a regular practice of that business to make such a record. *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008). Dan's testimony did not satisfy this predicate to qualify the tax returns as business records of E.E.R. under section 90.803(6).

Nonetheless, because Elodie sought to admit the returns against Dan, the returns were admissible as admissions[2] or statements offered against a party under section 90.803(18).

Although the trial court did not rely upon this rationale below, the trial court's decision to admit the tax returns may be affirmed on the ground that the returns were admissible as party admissions. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) (stating that "if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record"); *Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co.*, 103 So. 3d 866, 869 (Fla. 4th DCA 2012) (explaining that the tipsy coachman doctrine "permits an appellate court to affirm a trial court's decision on a ground other than that raised below" if "there is support for the alternative theory or principle of law in the record before the trial court") (cleaned up); *Taylor v. State*, 146 So. 3d 113, 115–16 (Fla. 5th DCA 2014) (applying the tipsy coachman doctrine where statements that the trial court erroneously deemed "not hearsay" were nonetheless admissible under a hearsay exception).

In pertinent part, sections 90.803(18)(a) and (b) provide that a statement "offered against a party" qualifies as an exception to the rule against hearsay if it is the "party's own statement in either an individual

---

[2] In her brief, Elodie argues that the tax returns were admissible as "party admissions."

or a representative capacity" or a "statement of which the party has manifested an adoption or belief in its truth."

By authorizing the electronic filing of the returns with the Internal Revenue Service, Dan "manifested an adoption or belief in their truth" as a "representative" of E.E.R.

"A tax return is generally considered inadmissible hearsay with the exception that the return may constitute an admission by the taxpayer or someone on the taxpayer's behalf." *Blodgett v. C.I.R.*, 394 F.3d 1030, 1040 (8th Cir. 2005). For example, in *Melamed v. Melamed*, 50 N.E.3d 669, 676 (Ill. App. Ct. 2016), the appellate court held that a father's tax returns for his company, offered by the mother at trial on her claim for modification of child support, were admissible under the party admissions exception to the hearsay rule.

Similarly, in this case, E.E.R.'s tax returns were admissible against Dan as party admissions. *See Collins v. Farley*, 147 So. 2d 593, 594–95 (Fla. 3d DCA 1962) (holding that a plaintiff's "internal revenue tax returns were admissible evidence bearing upon the issue of plaintiff's loss of earnings," but not expressly discussing the hearsay exception); Charles W. Ehrhardt, *Florida Evidence*, § 803.18a (2012 ed.) (recognizing that tax returns are a statement that can be offered against a party under section 90.803(18), Florida Statutes); *Cornwell v. Plummer*, 220 S.E.2d 879, 881 (S.C. 1975) (stating that "numerous decisions hold that material in a party's income tax return is proper evidence for the purpose of contradicting his trial testimony on a matter in issue, including especially, loss of earnings").

We affirm the final judgment in all respects.

*Affirmed.*

CIKLIN, J., and SURBER, MELANIE DALE, Associate Judge, concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**